**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenda Sue Porter,<br><br>    Plaintiff,<br><br>vs.<br><br>Church of Jesus Christ of Latter-Day Saints, et al.,<br><br>    Defendants. | No. CV-25-01220-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant The Church of Jesus Christ of Latter-Day Saints' Motion to Dismiss (Doc. 6), Plaintiff's Response (Doc. 9), and Defendant's Reply (Doc. 12). For the following reasons, the Motion is granted.[1]

**I. BACKGROUND**

This lawsuit, which was removed to this Court on the basis of diversity jurisdiction, arises out of an accident that occurred on September 10, 2023 at Defendant's church meetinghouse in Anthem, Arizona. (Doc. 1; Doc. 6 at 1). Plaintiff alleges that after attending a meeting, "church leaders issued the customary directive for attendees to clear their chairs, a routine practice meant to expedite the closure of the gathering." (Doc. 1-1 ¶ 1). She alleges that the "process was rushed, and no safety precautions or supervision were implemented." (*Id.* ¶ 11). When Plaintiff rose from her seat, her leg had become numb from

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

prolonged sitting. (*Id.* ¶ 1). When she reached for her chair to steady herself, it had already been removed by another church member acting in response to the directive to clear the chairs. (*Id.*). Plaintiff then "fell forcefully," causing severe injury to her left wrist that required immediate emergency medical intervention and "an extensive operation." (*Id.* ¶¶ 1–2). Plaintiff continued to suffer pain from her injury and struggled to recover. (*Id.* ¶ 2). On October 11, 2023, while still using "potent pain medication for her left wrist, she became lightheaded, lost her balance near her bedside," and ended up shattering her other wrist. (*Id.*). Her injuries have caused "permanent disability," as "her right wrist ultimately required fashion surgery, leaving it permanently immobile." (*Id.* ¶ 3). Plaintiff subsequently moved to Nevada to be close to family, where "she faced hostility from Defendant's representatives in Nevada, who dismissed her condition, belittled her, and refused reasonable accommodations." (*Id.*). Accordingly, she claims that this series of events have resulted in "profound physical, emotional, and financial hardship" affecting her quality of life. (*Id.*).

## II.     LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Because this is a diversity action, the Court applies Arizona substantive law to Plaintiff's claims. *See Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983) ("In diversity cases, the district court normally applies the substantive law of the forum state . . . .").

### III. ANALYSIS

Plaintiff asserts four counts in her Complaint: (1) Negligence, (2) Premises Liability, (3) Vicarious Liability, and (4) Negligent Infliction of Emotional Distress ("NIED"). (Doc. 1-1 ¶¶ 22–45).

### A. Negligence and Premises Liability

"To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007); *see also Perez v. Circle K Convenience Stores, Inc.*, 564 P.3d 623, 626 (Ariz. 2025) ("Negligence and premises liability each require proof that (1) the defendant owed a duty to the plaintiff to conform to a standard of conduct that protects the plaintiff from an unreasonable risk of harm; (2) the defendant breached that standard; (3) a causal connection exists between the defendant's acts or omissions and the plaintiff's injury; and (4) the plaintiff suffered actual damages."). Plaintiff claims that Defendant owed her a duty, as she was an invitee on their premises, and breached it "by directing untrained attendees to hastily remove chairs without supervision, guidelines, or safety measures—failing to ensure clear pathways, assess physical capabilities, or coordinate the effort, despite its recurring practice of such tasks." (Doc. 1-1 ¶ 24–25). Defendant argues that Plaintiff cannot show that any breach occurred, because "a landowner has a duty to protect an invitee against foreseeable and unreasonable risk of harm," but the conditions here were neither foreseeable nor unreasonably dangerous as a matter of law. (Doc. 6 at 4–6).

Indeed, "[a] business owner 'owes a duty to exercise reasonable care to his invitees,' but is not an insurer of their safety." *Adams v. Valley Hope Ass'n*, No. CV 12-556-PHX-SRB, 2012 WL 12903146, at *2 (D. Ariz. June 28, 2012) (quoting *Walker v. Montgomery Ward & Co. Inc.*, 511 P.2d 699, 702 (Ariz. Ct. App. 1973)). To establish a breach of duty in a premises liability claim, a plaintiff must show that the defendant either created the dangerous condition or had actual or constructive knowledge of it. *Andrews v. Fry's Food*

*Stores of Arizona*, 770 P.2d 397, 399 (Ariz. Ct. App. 1989) ("The plaintiff must prove that the proprietor created the dangerous condition resulting in the fall, or that the proprietor had actual or constructive notice of the dangerous condition."). Even taking the facts in Plaintiff's complaint as true, and construing them in the most favorable light, the Court cannot presume that a dangerous condition "created an unreasonable risk of harm simply because an injury occurred." *Elvira v. Old Navy, LLC*, No. 1 CA-CV 11-0372, 2012 WL 1537429, at *2 (Ariz. Ct. App. May 1, 2012).

"[T]he proprietor of a business premises is not an insurer of the safety of invitees and is not required at his peril to keep the premises absolutely safe." *Berne v. Greyhound Parks of Ariz., Inc.*, 448 P.2d 388, 391 (Ariz. 1968). In hindsight, "one could always postulate how an accident might have been prevented." *Id.* Here, had the other church member not moved Plaintiff's chair right before she moved to grip it, perhaps she would not have fallen and hurt her wrist—or perhaps she would have still lost her balance, or fallen in another manner, and incurred some other injury. It is a futile exercise to speculate; suffice to say that this unfortunate incident was, clearly, an accident, and not attributable to any negligence on part of Defendant. "Since people can and daily do sustain injuries from almost all conceivable conditions under a multitude of varying circumstances, and since the possessor of the premises is not an insurer of the safety of invitees, the line between liability and nonliability must be drawn at some point." *Id.* Defendant cannot be liable for a condition from which an unreasonable risk of harm cannot be anticipated. *See id.* ("The standard of care to be exercised does not impose liability for conditions from which an unreasonable risk of harm is not to be anticipated.").

Furthermore, "courts have often held that an invitor should not be obligated to anticipate that invitees would fail to appreciate dangers generally known to be inherent in conditions . . . . [I]f a condition is open and obvious, and business invitees encountering it can be expected to take perfectly good care of themselves without further precaution, then likelihood of harm, if any, from the conditions is slight, and as a matter of law the condition is not unreasonably dangerous." *Flowers v. K-Mart Corp.*, 616 P.2d 955, 957–58 (Ariz. Ct.

App. 1980). To the extent that stacking chairs is or creates an unreasonably dangerous condition, that danger was indeed open and obvious: Plaintiff knew the chairs were being stacked. A reasonable person would expect that, should they exit their chair, that chair could be taken away to be stacked; furthermore, a reasonable person would expect that if they stood up while their leg was numb, they could lose their balance. *See, e.g.*, *Hagan v. Sahara Caterers, Inc.*, 487 P.2d 9, 12 (Ariz. 1971) (holding, in a case where a patron fell and broke her hip after slipping on a pebble at the entrance of a restaurant, that "if the pebbles do constitute a dangerous condition, the pebbles were visible to the plaintiff and the likelihood of harm resulting therefrom was slight. We therefore agree with the trial judge that, as a matter of law, the condition was not an unreasonably dangerous one.").

While not the most typical course of action, courts have dismissed negligence actions under Rule 12(b)(6) where the alleged condition is not foreseeable and unreasonably dangerous as a matter of law. (*See* Doc. 6 at 6 (citing cases)); *Adams*, 2012 WL 12903146, at *3 (noting that the plaintiff's claims that the defendant "knew or should have known an unsafe and dangerous condition existed," "negligently created a dangerous condition," and "negligently failed to maintain its premises in a reasonable safe condition" were legal conclusions not entitled to the assumption of truth). This case presents such a scenario where a plaintiff's factual allegations, while detailed and well-pled, are patently insufficient to state a claim as a matter of law. Plaintiff can neither establish the elements of breach nor causation as are required to support her negligence and premises liability claims. Accordingly, Plaintiff's claims for negligence and premises liability will be dismissed.

Finally, as Defendant points out, Plaintiff admits, and this Court agrees, "vicarious liability" is not, itself a cause of action, but rather a theory of liability. (Doc. 6 at 9; Doc. 9 at 7). It should not have been listed as a separate count in Plaintiff's complaint. Accordingly, this Court need not evaluate "vicarious liability" as an independent claim. And to the extent Plaintiff claims is it simply "a theory underpinning Counts I and II," this Court has already determined that Counts I and II, which incorporate Plaintiff's vicarious

liability arguments, fail to state a claim. (Doc. 9 at 7).

### B.  Negligent Infliction of Emotional Distress

A direct NIED claim, as opposed to a bystander NIED claim, may be brought "where a threat to the plaintiff's personal physical security resulted in shock or mental anguish." *McCaw v. Arizona Snowbowl Resort Ltd. P'ship*, No. 2 CA-CV 2024-0196, 2025 WL 1115319, at *2 (Ariz. Ct. App. Apr. 15, 2025). "To state a direct NIED claim, a plaintiff must allege (i) the defendant was negligent; (ii) the defendant's negligence created an unreasonable risk of bodily harm to the plaintiff; (iii) the defendant's negligence caused the plaintiff emotional distress; and (iv) the plaintiff suffered physical injury or illness due to the emotional distress." *Kretsch v. Barton*, No. CV-23-00411-PHX-ROS, 2024 WL 962181, at *8 (D. Ariz. Mar. 6, 2024). Here, the Court has already determined that Defendant did not act negligently, and it therefore did not create "an unreasonable risk of bodily harm" or a "threat to the plaintiff's personal physical security" such that a direct NIED claim could be sustained. The claim must be dismissed for that reason alone.

Furthermore, even if Plaintiff could show that Defendant was negligent, she has not shown that she suffered the requisite level of emotional distress to support her NIED claim. She alleges that she has suffered "a shattered sense of belonging," "severed spiritual refuge," and "ongoing emotional trauma." (Doc. 9 at 6; Doc. 1-1 ¶¶ 20–21). In Arizona, "physical injury and long-term physical illness or mental disturbance constitute sufficient bodily harm to support a claim of NIED." *Lombardi v. Copper Canyon Acad., LLC*, No. 09-CV-8146-PCT-PGR, 2010 WL 3775408, at *11 (D. Ariz. Sept. 21, 2010). Plaintiff does not allege that her emotional distress has manifested as any physical injury, as the physical injuries she has suffered were caused by her falls. However, to the extent she claims long-term mental disturbances caused by Defendant's actions, being stripped of one's "dignity and community, causing emotional harm tied to her permanent disabilities" does not meet the requisite level of severity needed to sustain an NIED claim. *Cf. Monaco v. HealthPartners of S. Arizona*, 196 Ariz. 299, 303 (Ct. App. 1999) (NIED claim supported by the plaintiff's "substantial, long-term emotional disturbances," including diagnoses of

PTSD and depressive syndrome); *see also McCaw v. Ariz. Snowbowl Resort Ltd. P'ship*, No. 2 CA-CV 2024-0196, 2025 Ariz. App. Unpub. LEXIS 397, at *5–6 (Ct. App. Apr. 15, 2025) ("[T]he weight of Arizona authority requires a plaintiff to show the alleged emotional distress resulted in some physical manifestation that was not transitory or inconsequential.") (citing cases).

### IV.    CONCLUSION

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend. *See* Fed. R. Civ. P. 15(a)(2). However, a district court need not grant leave to amend where a pleading "could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Here, the Court concludes that amendment would be futile as to Plaintiff's claims. Her complaint does not suffer from want of factual allegations, but from the reality that her legal assertions strain credulity as a matter of common sense.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is **granted** and this case is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 16th day of July, 2025.

Honorable Steven P. Logan
United States District Judge