**ANGEL LAW GROUP PLLC**
One Renaissance Square
Two North Central Avenue, Suite 1800
Phoenix, Arizona 85004
Telephone: 602.649.2099
Fax: 602.613.2738
E-service Distribution: docketing@angellawgroup.com

John A. Griffiths, 021103
Email: john@angellawgroup.com
Justin C. Johanson, 033329
Email: justin@angellawgroup.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kenda Sue Porter, an individual,<br><br>Plaintiff,<br><br>v.<br><br>The Church of Jesus Christ of Latter-Day Saints, a Utah Corporation; John Does 1-10,<br><br>Defendants. | Case No.: **2:25-cv-01220-SPL**<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(Assigned to the Hon. Steven P. Logan) |

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule of Civil Procedure 7.2(g), Plaintiff Kenda Sue Porter respectfully moves the Court to reconsider its Order of July 16, 2025 (Doc. 13), dismissing her Complaint with prejudice. Plaintiff respectfully asserts that the Court has committed error interpreting Arizona's open and obvious doctrine, particularly regarding the foreseeability of the chair removal's timing and its impact on Plaintiff's reasonable expectations as an invitee. Plaintiff respectfully submits that reconsideration is warranted to prevent injustice. Following the Court's Order, Plaintiff's further research into persuasive federal authorities, beyond the Arizona cases initially briefed, revealed precedent clarifying that foreseeable distractions and timing issues render such hazards non-obvious, warranting factual development rather than dismissal at the pleading stage.

Angel Law Group

## I. LEGAL STANDARD

Reconsideration is appropriate under Rule 59(e) and LRCiv 7.2(g) where there is manifest error of law or fact, or to prevent manifest injustice. See *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). This motion identifies such an error in the Court's foreseeability analysis under the open and obvious doctrine, without introducing new evidence or revisiting prior arguments.

## II. ARGUMENT

The Court thoughtfully analyzed Plaintiff's claims, concluding that the chair removal process did not create an unreasonable risk of harm and was open and obvious, reasoning that a reasonable person would expect their chair could be taken away upon exiting it and that standing with a numb leg signals balance risks sufficient to render the hazard obvious. Doc. 13 at 4-5. As illustrated by numerous precedents analyzing the open and obvious hazard, however, courts are reluctant to dismiss such claims without a jury trial, much less without even permitting discovery. The Court has thus erred. *See, e.g., Martinez v. Asarco, Inc.*, 918 F.2d 1467, 1472 (9th Cir. 1990).

The Court's conclusion here overlooks the foreseeability of the chair's abrupt removal as a dynamic hazard. The Complaint alleges that Plaintiff stood up in response to Defendant's directive to clear chairs, a routine yet rushed practice, but her chair was abruptly removed from behind by another attendee before she could regain balance from numbness in her leg, a common and foreseeable physiological response to prolonged sitting. (Doc. 1 ¶¶ 1, 11-12). A reasonable person would not anticipate such an *immediate* chair removal mid-motion, rendering the risk obvious. Instead, Plaintiff offers that reasonable minds may differ on whether the timing of the removal, occurring in a rushed, uncoordinated and unsupervised group effort directed by Defendant without instruction or warning, was sufficiently foreseeable to an invitee in Ms. Porter's position, distracted by a momentary and predictable physical limitation.

The chair at issue here served as a temporary support, akin to a mobility aid like a restroom grab bar, which Plaintiff had reason to expect would remain available for a brief period to steady herself while rising, particularly given her momentary unsteadiness from a foreseeable condition. Determining whether the hazard was foreseeable and obvious would require further development

Angel Law Group

of her claims. For example, how quickly was the chair removed after she stood? Without the benefit of discovery, which the dismissal precludes, Plaintiff cannot ascertain critical details about the speed, coordination, or supervision of the chair-clearing process to demonstrate whether Plaintiff's expectation of momentary availability was reasonable. It is plausible that an invitee, rising in response to a directive in a busy post-meeting setting, would not anticipate the chair being taken from behind so swiftly as to prevent stabilizing oneself, especially when distracted by a foreseeable condition. This dynamic hazard, unlike the static conditions in cases like *Flowers v. K-Mart Corp.*, 616 P.2d 955 (Ariz. Ct. App. 1980), or *Hagan v. Sahara Caterers, Inc.*, 487 P.2d 9 (Ariz. 1971), cited by the Court, points to foreseeability as a jury question.

In *Sullivan v. Shell Oil Co.*, 234 F.2d 733, 737 (9th Cir. 1956), the Ninth Circuit reversed a directed verdict in a slip-and-fall case, holding that negligence and assumption of risk are ordinarily factual issues for the jury when different conclusions can be drawn, emphasizing that foreseeability of a hazard's danger requires jury resolution. Similarly, in *Martinez*, 918 F.2d at 1472, applying Arizona law, the court reversed summary judgment, finding that conflicting evidence about a hazardous condition's foreseeability created jury questions on duty and breach, as landowners must anticipate risks to invitees. In *Wilson v. J.P. Allen Co.*, 57 F. Supp. 3d 1249, 1257 (D. Ariz. 2014), the District of Arizona denied summary judgment, noting that the obviousness of a danger and whether the landowner should have anticipated harm are factual issues, particularly when the hazard's visibility is disputed. These cases confirm that the foreseeability of the chair's sudden removal, like a grab bar withdrawn without warning, is a jury question, as Defendant's control over the premises and directive created a duty to mitigate such risks. See *Markowitz v. Arizona Parks Bd.*, 706 P.2d 364, 368 (Ariz. 1985) (landowner liable for failing to mitigate risks invitees cannot reasonably avoid).

In *Simpson v. Wal-Mart Stores, Inc.*, No. 99-5082, 2000 U.S. App. LEXIS 3087, at *6-7 (10th Cir. Feb. 29, 2000) (unpublished), the Tenth Circuit affirmed denial of summary judgment where a plaintiff tripped over a non-permanent cone in a high-traffic store doorway while distracted by carrying an infant carrier, which obscured her view. The court held that observability alone does not render a hazard open and obvious; distractions and foreseeability of injury in busy settings

create jury questions when reasonable minds could differ. *Id.* at *8 (quoting *Zagal v. Truckstops Corp. of Am.*, 948 P.2d 273, 275 (Okla. 1997)).

This application of the open and obvious doctrine, without accounting for the foreseeability of the chair removal's timing, creates a manifest error, absolving Defendant of its duty to protect against foreseeable risks in a controlled environment. Reconsideration would permit discovery on the fact-intensive issues of timing, coordination, and foreseeability, ensuring justice consistent with federal and Arizona principles.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its Order, vacate the dismissal of Counts I and II, and allow the case to proceed.

RESPECTFULLY SUBMITTED this 14th day of August, 2025.

**ANGEL LAW GROUP PLLC**
One Renaissance Square
Two North Central Avenue, Suite 1800
Phoenix, Arizona 85004

By: */s/ John A. Griffiths*
John A. Griffiths
Justin C. Johanson
*Attorneys for Plaintiff*

Angel Law Group

Angel Law Group

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record. I further sent a copy of the attached document using electronic mail to counsel for Defendant at the following address:

Daniel G. Dowd
J. Neil Stuart
Alejandra Curiel
**COHEN DOWD QUIGLEY P.C.**
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
ddowd@CDQLaw.com
nstuart@CDQLaw.com
acuriel@CDQLaw.com
*Attorneys for Defendant*

By: */s/ Nate Griffiths*